Good morning, and may it please the court, my name is Nolan Shaw, student counsel for the petitioner Mr. Javier Castrijon-Garcia. With me this morning is fellow student counsel Heidi Kalscher and supervising attorneys Gary Watt and Steven Tallafield. I'd like to reserve two minutes of my time for rebuttal. You may, but please try to keep track of it. Thank you. In the limited time I have here this morning, I'd like to do two things. I hope you'll allow me to do two things. First, simple kidnapping under California Penal Code Section 207A is not a crime involving moral turpitude. And second, why this court should make that determination without deference to the BIA. Simple kidnapping is not a crime involving moral turpitude because the statute is broad enough to encompass conduct that falls outside the generic definition of moral turpitude. Moral turpitude is defined as conduct that is base, vile, and depraved, such that it shocks the public conscience. This Court, Judge Reinhart writing for this Court in Robles-Zureya, stated that only ‑‑ Not fair to quote him here. He would have loosed you that way. Well, you see, Judge Smith, wrote that only truly unconscionable conduct meets the threshold of moral turpitude. So even serious crimes, such as assault with a deadly weapon or even misdemeanor false imprisonment, do not reach the threshold of moral turpitude. It's also been said that this is a standardless standard, base, vile, and depraved. But in cases like this where the issue is the deprivation of personal liberty, this Court already has a versus holder, cases involving the deprivation of personal liberty do not involve moral turpitude unless there is an intent to harm. Under the categorical approach, the question is not whether some of the conduct falls under a statute, falls within the definition, but it's whether all of the cases prosecuted under the statute meet that threshold. Petitioner raises five California cases that have applied the statute to conduct falling outside the definition of moral turpitude and, therefore, it does not meet the standard of being a categorical crime involving moral turpitude. For example, in People v. Garibay, the California courts applied the statute to a father and uncle who brought a daughter back to the father's home. There was a disagreement with lifestyle choices. The daughter had run away from home and moved in with her boyfriend, and the father and uncle forcibly, regrettably, took her back to her home. But they didn't intend to harm her, and there was no harm. Well, maybe not from the daughter's perspective. I mean, she was the one that was taken away from where she had chosen to live and was dragged someplace else. Isn't that pretty serious? It is serious, Your Honor, but it doesn't rise to the level of moral turpitude because a well-meaning parent could engage in the same kind of conduct. Lots of heinous crimes are committed by people who are well-meaning. Is that the standard we're supposed to apply, whether they're well-meaning? It's not the standard isn't well-meaning, Your Honor. It's whether there was intent to harm, and that's a standard that's been used by this Court both for cases of personal liberty and also in assault and battery cases. And assault and battery is bad. I think it's terrible to just to make contact that's offensive with somebody, whether it's forceful or injurious or otherwise. But the courts have loved it. If we buy your argument, should we wait for our cases that deal with the subject of a potential crime being a crime of violence or an aggravated felony? Because we have two of those cases that are sitting waiting for a decision. We have Delgado-Hernandez and we have Marquez-Lobos, both of those dealing with a crime of violence or an aggravated felony, and maybe those cases would give us some more thought as to what we ought to look for in determining this particular issue. Your Honor, the standards are separate from the... I understand they're separate, but nonetheless, when you're determining whether, for instance, in Marquez-Lobos, whether kidnapping under Arizona law is categorically a crime of violence, it seems to me that one could receive some help in making this decision. It would inform it, Your Honor, because the standard for moral turpitude can be met by intent to harm, which is primarily here, but also sometimes in cases where there is serious actual harm committed within the offense. And in that case, because the categorical approach is also used, if it's the case that in kidnapping it can be done without intent to harm or the actual use of violence, for example, in crimes of violence, this analysis would advise those cases. And in fact, in those particular cases, the panel could maybe talk to us about what conduct is malum and say or represents a conscious disregard of the risk of harm. Wouldn't that be helpful to us? It would be, Your Honor. And it's distinguishable here, though, because in moral turpitude cases, there must be a finding of scienter with regard to danger. So like Your Honor said, it would meet the standard of recklessness, but not negligence. And the prosecutor would have to prove that level of mens rea. Well, it would be odd, wouldn't it, that a crime was categorically a crime of violence, but not also moral turpitude? It would be somewhat ironic if it was a crime of violence and not moral turpitude, but not the other way around. Because moral turpitude doesn't, isn't necessarily evinced in an amount of force. So if it wasn't a crime of moral turpitude because there was no intent to harm and no actual harm, then it wouldn't be. But crime of violence requires the use of violence. And this Court reached the question of simple kidnapping before in Perez-Gonzalez, where it stated that simple kidnapping is not a crime of violence because the force that's used isn't necessarily violent force and it can be accomplished by any means of instilling fear, not necessarily using force or violence. So are you asking me in the ultimate to return this case to determine the ultimate decision under the modified categorical approach? Yes, Your Honor. This Court stated in Robles-Urrea that the BIA has authority to take the case in the first instance to determine the modified categorical approach. Deference is not warranted in this case. You have two and a half minutes, Justice Alito. Okay. Chevron deference isn't warranted because there needs to be a published opinion reaching the same statute. That's the standard stated in Uphall v. Holder. And here the opinion below is not published. And it doesn't directly rely on an opinion that has addressed simple kidnapping or simple kidnapping under California Code 207A. And Skidmore says that deference is only applicable where the opinion is persuasive. It has thorough and valid reasoning and it's consistent with later and earlier pronouncements. And the use of readiness to do evil as a standard is inconsistent with any other use in this circuit or in the BIA. And my own search showed that the BIA in this circuit has never used readiness to do evil as a standard. But furthermore, the opinion primarily fails because it fails to announce what is shared in all of the conduct encompassed in the statute that inherently involves moral turpitude. So really what you're asking me to do is you're asking me to say the opinion I have in front of me is not persuasive on its merits and is not thorough. Yes. Thank you. I'd like to reserve the rest of my time. Go ahead. May it please the Court. Laura Merrildy for the Respondent. The Board's determination, the Board of Immigration Appeals' determination in this case the Petitioner's conviction was for a crime involving moral turpitude for the purpose of the Immigration and Nationality Act is entitled to Chevron deference and the petition for review should be denied. The decision isn't published, is it? No, it is not, Your Honor. It doesn't bind third parties? No, it does not. However, then I guess the best we can say is does it have any deference on its own merits? Yes, Your Honor, it does. Since at least 1953 in the case of Matter of P, the Board of Immigration Appeals has held kidnapping to be a crime involving moral turpitude unpublished in precedential decisions. There's kidnapping and there may be kidnapping. I mean, kidnapping, we think of the Lindbergh. If you're old enough, you think about the Lindbergh baby and so forth. But here we've got a crime we don't know much about except that the defendant in the criminal case was given a suspended sentence that wasn't very long to begin with, suggesting that it's not the FBI story type kind of kidnapping. And the statute seems pretty simple in terms of what it takes to come under it. We've had some cases identified from California where the crime, depending on whose perspective you take, may be real bad from one perspective and perhaps not so bad from the other. Does it constitute the kind of vile misconduct that is required for a crime of moral turpitude? Yes, Your Honor. And the California Penal Code 207 requires that the taking, the statute on its face requires that the taking of a person be done by force or other means of instilling fear. And the Board of Immigration Appeals found in the matter of P case, it referred citing a Supreme Court case, that the involuntariness of seizure and detention is the essence of kidnapping. But wasn't the matter of P a Federal statute for kidnapping for ransom? Yes, Your Honor. And isn't that covered on California's 209? It is, however. So that isn't really 207, is it? Ransom is not required by 207, and ransom is not required by the Federal Kidnapping Act. And the Board's previous decisions have not hinged on the presence or absence of a ransom element. As I said, the Board pointed to the involuntariness of seizure and detention, which is the essence of kidnapping. And California courts in Zatare and in the Majors case and in, if I'm pronouncing it correctly, the Dagamprat case that the Petitioner has cited also stated that the gravamen of kidnapping is compulsion. So ---- But how does that fit with moral turpitude? Is the fact of compulsion enough to establish CIMD? Taking somebody by force or instilling fear, yes. Yes, Your Honor. But that's compulsion. But how does the existence of compulsion make it fit our definition for a crime involving moral turpitude? What's necessary? Is it vile in every instance? Yes. In ---- let me back up. We would certainly disagree that any of the cases that Petitioner points to showed a conviction where there was non-turpitude in his conduct. These were all cases involving force or ---- force or instilling fear in taking a human being. Okay. Well, you're coming right back to the same definition. You're saying it's enough to have force or instilling fear. What makes it enough? Let's take the Garibay case that was cited, for example. And it's easy to understand the young girl wasn't crazy about being taken away from her boyfriend, but is that something that would be fitting within a generic definition of a crime involving moral turpitude? That somebody drove the ---- was it the uncle or somebody? I've forgotten which relative, but drove the car that transported the girl back to her family home? I think it was more than that, Your Honor, in that unpublished case. The uncle was the defendant, and he drove a vehicle, a Ford Expedition, that cut off the vehicle being driven by the boyfriend. The girl was in it and some friends. She had gone to live with the boyfriend and his parents, apparently because of some abuse occurring in her own home. But in any event, as far as the defendant's conduct, he cut off their vehicle with his vehicle. They could not move. They were contained because another vehicle drove up behind them, all part of this taking of this girl. She was ---- they were ---- she was taken forcibly out of the vehicle by her father and put in the uncle's vehicle against her will. And, yes, she was clearly afraid. That was established, at least as the case was reported. Well, if being afraid is enough, then battery would be a crime involving moral turpitude, wouldn't it? If being afraid was, but this is a ---- this is taking a human being by force or other means of instilling fear. But all you're pointing to is the instilling fear. You know, moral turpitude is a difficult concept to apply, so we've tried to define it, perhaps not very precisely. We've defined it mostly in terms, the category of fraud, that doesn't apply here, this category of vile conduct. Now, vile sounds somewhat more extreme than the kind of intervention that you find in families with kids going off and joining cults or getting involved in drugs or whatever else. If California is willing to prosecute, fine, but I'm not sure whether we can really say I'm trying to find out what it is. When I first saw this case, kidnapping, wow, that's bad. Turns out that, well, kidnapping sometimes isn't so extreme, and so I'm trying to find out where's the handle, what is it that makes it fit within the description of CIMT? And maybe there's not a convenient one, but you keep pushing to force, and I don't think that force has been defined by our cases as automatically involving moral turpitude. I'm not suggesting that it's only force. It's that the Board looked at the statute as a whole. Well, see, we don't know really what the Board looked at. We don't have a published opinion on this statute, and the published opinions I've looked at seem to refer more to kidnapping in, like, the Federal statute sense. And so we're sitting here looking at a California statute that's a little bit different, and struggling to figure out why does it fit within the umbrella. Well, and this Court's decision in the Mendoza case, which concerned robbery under California Penal Code 211, the language, which I won't spend time pointing that particular part of my notes, but the language is very similar. You're taking somebody's property by force or fear. And this Court has upheld the decision that that is a crime involving moral turpitude. So certainly taking a human being by force or means of instilling fear fits that definition. And this is a small point, Your Honor, but just you mentioned something about the sentence being, in your view, relatively light. I will note that the defendant in matter of P, I think, received a lesser sentence, and the board still considered that a crime involving moral turpitude. I don't think this, except with the limits that appear in the INA itself, the length of the sentence is the determinative factor, was a determinative factor. No, but it gives you a pretty good idea, in general, of the fact that they're not considered base and vile for all of the offenses. It's, you know, what would you say about hazing cases where they move a prospect of inductee and they get him in the middle of the night and he's afraid? Would that be kidnapping? I think it could be, Your Honor. And that would be base and vile conduct? Or depraved? Certainly. If you're... They have to do a lot to the fraternities in this country. Well, that may be, Your Honor, but without... Might be a good thing. Without, yes. Well, we might disqualify some presidential candidates. You're stepping into a big trap there. My worry is that it seems to me that People v. Thornton suggests that simple kidnapping is a general intent crime. Given that it's a general intent crime, it seems to me there's a realistic possibility that 207A could be applied to conduct that does not involve moral turpitude. And therefore, unless you have some deference that I should give to some opinion, I'm having a tough time understanding where we go to where you want us to go. Well, the... This is your last answer, so get it all in. All right, Your Honor. As we note, we believe that the decision is entitled to Chevron deference. And even if it isn't, it's entitled to Skidmore deference. It certainly met the standard of thoroughness and validity of reasoning and consistency with the... And persuasiveness. Pardon me, Your Honor? And persuasiveness. And persuasiveness and consistency with earlier pronouncements. The Court, the Board identified the elements of the statute correctly. It found, both with reference to its own presidential decisions and with reference to California law, that this fit the definition of a base, vile, and depraved act that violates accepted moral standards. And the Zatare case, California looked at this exact same statute, albeit for a different purpose, whether it was turpitude in the context of impeachment, and it found that the conduct showed the readiness to do evil that California equates with moral turpitude. Thank you, counsel. Thank you, Your Honor. Force and fear alone is not grounds for moral turpitude. Otherwise, it would encompass a simple assault and battery as well. And neither does the involuntariness of seizure and detention necessarily make a crime, a crime involving moral turpitude, as stated in Saavedra Figueroa. If there are no further questions. You're going to tell us something about one of Judge Smith's cases. Never mind. Don't do it. I've already stepped into the breach. Okay. Don't take his, don't take him up. With the judge's permission, I'll do just that. Thank you very much. Thank you, counsel. The case is argued will be submitted.
judges: Reinhardt, Clifton, Smith